1  Richard A. Hall, SBN: 135483
2  BOTTOMLINE LAWYERS
   P.O. Box 237.
3  Auburn, CA  95604
   Tel:530-888-7100
4

5  Attorney for Slice Beer Company, Inc.

   UNITED STATES DISTRICT COURT
6
   EASTERN DISTRICT OF CALIFORNIA
7

8

9  Slice Beer Company, Inc.,                    No.

             Plaintiff,                         Verified Complaint
10
       v.                                       Jury Trial Demanded
11
   Zachary M. Frasher, Amy B. Heller, and
12 Shred Beer Company LLC,

13           DefendantS.

14

15       Plaintiff Slice Beer Company, Inc. ("Slice"), by and through its attorneys, and for its

16 Complaint against Zachary M. Frasher, Amy B. Heller, and Shred Beer Company LLC hereby

17 alleges as follows:

18                              **I. THE PARTIES**

19 1.      Plaintiff Slice Beer Company, Inc. has its principal place of business in Lincoln,

20 California. Slice is a brewery that brews craft beers available for purchase within and outside of

21 the State of California.  Slice owns all trade secrets and confidential information infringed or

22 misappropriated by the Defendants.

23 2.      Defendant Zachary M. Frasher ("Frasher") is a resident of Auburn California and a

24 Managing Member of Shred Beer Company LLC, (see, Exhibit A, California Secretary of State

25 Statement of Information filed January 24, 2023).  Frasher is a shareholder of Slice and was on

26 the Board of Directors (resigned as Director on March 6, 2023) and the Head Brewmaster of Slice

27 until April 6, 2023.

28 3.      Defendant Amy B. Heller ("Heller") is a resident of Auburn California and a Managing

                                        1

Member of Shred Beer Company LLC, (see, Exhibit A, California Secretary of State Statement of Information filed January 24, 2023).

4.      Defendant Shred Beer Company LLC ("Shred") is limited liability company with offices in Rocklin, California. Shred is a brewery that brews craft beers available for purchase  within and outside of the State of California.

5.      Slice is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## II.  JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

6.      This Court has subject matter jurisdiction over Slice's federal trade secret claim pursuant to 18 U.S.C. §§ 1836-39 et seq., 18 U.S.C. 1030 et seq. and 28 U.S.C. §§ 1331 and 1343.

7.      The Court has supplemental jurisdiction over the state law claim alleged in this Complaint pursuant to 28 U.S.C. § 1367.

8.      As set forth above, at least one Defendant resides in this judicial district, and all Defendants are residents of the State of California.  In addition, a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this Judicial District.

9.      Venue therefore lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

10.      A substantial part of the events giving rise to the claims alleged in this Complaint occurred in the County of Placer in the State of California.  For purposes of intradistrict assignment under Civil Local Rules 120(e)

## III. INTRODUCTION

11.      This is an action for trade secret misappropriation (under both Federal and California law), unfair competition, breach of fiduciary duty, computer crimes and injunctive relief related to the Slice's brewery business.

12.      Defendant Frasher was hired on June 17, 2019 (see offer of employment signed by the parties as Exhibit B) by Slice as its Head Brewmaster.  In connection with his employment, he

was further given shares of stock of Slice and was voted in as a member of the Board of Directors on August 5, 2019 (see, Exhibit C, Minutes for Board Meeting of Slice and Exhibit D, California Secretary of State Statement of Information filed February 13, 2023).  For his role as Head Brewmaster and a Director, Frasher was paid a substantial salary and bonuses in the six-figure range annually.

13.     Plaintiff contends that sometime during 2022, Frasher breached his fiduciary duty as a Director of Slice pursuing his own business interests in a competing venture in Shred.

14.     Further, Plaintiff contends that Frasher misappropriated trade secrets of Slice in that he misappropriated the processes used to make the beers of Slice.  In fact, when Frasher left Slice in April 2023, the private recipes, processes and procedures maintained by him on behalf of Slice as the Head Brewmaster disappeared from the offices of Slice and in some cases deleted from the EKOS computer systems maintained by Frasher for Slice.  To date, Slice has determined that at least 150 beer recipes have been deleted from the EKOS computer system.  When asked what happened to them, he merely stated "he did not know".  Plaintiff contends that Frasher not only misappropriated the trade secrets of Slice, he sabotaged the business in direct violation of his obligation as a Director of Slice and in violation of various State and Federal statutes.

15.     Slice further contends that Frasher maintains a copy of the computer software known as Beer Smith, on information and belief, which Slice believes all or some of the recipes of Slice are maintained by him on that software, which he is withholding from Slice.

16.     By reason of Frasher's individual position with Slice as an employee and Director, he is in a fiduciary relationship with Plaintiff and the other shareholders of Slice and owes them, as well as Slice, a duty of highest good faith, fair dealing, loyalty and full, candid and adequate disclosure, as well as a duty to maximize shareholder value.

17.     For Frasher to diligently comply with his fiduciary duties, he may not take any action that:

    a.   adversely affects the value provided to the corporation's shareholders; and

    b.   favors himself;

18.     In accordance with Frasher's duties of loyalty and good faith, he is obligated to refrain from:

3

      a.   participating in any transaction where Frasher as a Director divides his loyalties to Slice; or

      b.   unjustly enriching himself at the expense or to the detriment of the shareholders.

19.      Plaintiff alleges herein that the Frasher, separately and together with other Defendants, in connection with misappropriating the trade secrets of Slice and taking said trade secrets with him to start Shred, is knowingly or recklessly violating his fiduciary duties, including his duties of loyalty, good faith and independence owed to Plaintiff and its shareholders of Slice, or are aiding and abetting others in violating those duties.

20.      Frasher also owes Slice's stockholders a duty of truthfulness, which includes the disclosure of all material facts concerning the Shred business. Frasher is knowingly or recklessly breaching his fiduciary duties of candor and good faith by failing to disclose all material information concerning the Shred business and/or aiding and abetting other Defendants' breaches.

21.      In committing the wrongful acts alleged herein, each of the Defendants has pursued, or joined in the pursuit of, a common course of conduct, and acted in concert with and conspired with one another, in furtherance of their common plan or design. In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Defendants further aided and abetted and/or assisted each other in breach of their respective duties as herein alleged.

22.      During all relevant times hereto, the Defendants, and each of them, initiated a course of conduct which was designed to and did: (i) appropriate trade secrets of Slice, and (ii) sabotage the business of Slice by "losing" the private recipes, processes and procedures maintained by Frasher on behalf of Slice as the Head Brewmaster.  In furtherance of this plan, conspiracy and course of conduct, Defendants, and each of them, took the actions as set forth herein.

23.      Each of the Defendants herein aided and abetted and rendered substantial assistance in the wrongs complained of herein. In taking such actions, as particularized herein, to substantially assist the commission of the wrongdoing complained of, each Defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to, and furtherance of, the wrongdoing. The Defendants' acts of aiding and abetting included, inter alia, the acts each of them are alleged to have

committed in furtherance of the conspiracy, common enterprise and common course of conduct complained of herein.

24.     Furthermore, the name Shred Beer Company is sufficiently similar in name to Slice Beer Company that Defendants are attempting to confuse the public by said similar names so as to diminish the value of Slice.

**FIRST CAUSE OF ACTION**
Violation of Defend Trade Secrets Act 18 U.S.C. §§ 1836-39 et seq.
(Against All Defendants)

25.     Slice incorporates all of the above paragraphs as though fully set forth herein.

26.     Slice owns and possesses certain confidential, proprietary, and trade secret information, as alleged above.

27.     Slice's trade secret information also includes the formulation of various craft beers created by Slice. Frasher, as Head Brewmaster, was not only responsible for the creation and brewing of the beers but was responsible for maintaining the documentation of the process and to protect said documentation from loss or theft.  Upon leaving Slice, Frasher did not protect said documentation.

28.     Slice's confidential, proprietary, and trade secret information related to its products and services used, sold, shipped and/or ordered in, or intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

29.     Slice has taken reasonable measures to keep such information secret and confidential and the primary person delegated with that duty was Frasher when employed by Slice.

30.     Slice has at all times maintained stringent security measures to preserve the secrecy of its private recipes, processes and procedures maintained by him on behalf of Slice as the Head Brewmaster.  Slice employees were restricted to the confidential and proprietary trade secret information to only those who "needed to know."  That is, employees working on projects unrelated to the brewing of beer by Slice do not have and did not have access to private recipes, processes and procedures maintained for making the beer of Slice.

31.     As a result, confidential and proprietary trade secret information is not available for others

1  in the beer industry – or any other industry – to use through any legitimate means.

2  32.     Slice's confidential, proprietary, and trade secret information derives independent

3  economic value from not being generally known to, and not being readily ascertainable through

4  proper means by, another person who could obtain economic value from the disclosure or use of

5  the information.

6  33.     In violation of Slice's rights, Defendants misappropriated Slice's confidential, proprietary

7  and trade secret information in the improper and unlawful manner as alleged herein. Defendants'

8  misappropriation of Slice's confidential, proprietary, and trade secret information was intentional,

9  knowing, willful, malicious, fraudulent, and oppressive.

10  34.     Defendants have attempted and continue to attempt to conceal their misappropriation.

11  35.     On information and belief, if Defendants are not enjoined, Defendants will continue to

12  misappropriate and use Slice's trade secret information for their own benefit and to Slice's

13  detriment.

14  36.     Further, Shred, if allowed to continue, can and will create derivative work created from

15  the stolen trade secrets by Defendants of Slice's trade secrets.

16  37.     As the direct and proximate result of Defendants' conduct, Slice has suffered and, if

17  Defendants' conduct is not stopped, will continue to suffer, severe competitive harm, irreparable

18  injury, and significant damages, in an amount to be proven at trial.

19  38.     Because Slice's remedy at law is inadequate, Slice seeks, in addition to damages,

20  temporary, preliminary, and permanent injunctive relief to recover and protect its confidential,

21  proprietary, and trade secret information and to protect other legitimate business interests.

22  Slice's business operates in a competitive market and will continue suffering irreparable harm

23  absent injunctive relief.

24  39.     Slice has been damaged by all of the foregoing and is entitled to an award of exemplary

25  damages and attorney's fees.

**SECOND CAUSE OF ACTION**
Violation of 18 U.S.C. 1030)
(Against Frasher)

28  40.     Slice incorporates all of the above paragraphs as though fully set forth herein.

6

41.     On information and belief, Plaintiff contends that Frasher accessed the computer systems used by Slice, EKOS, for the purpose of deleting information from Slice's records to prevent the re-creation of processes of which Slice depends on for its business.

42.     Frasher knowingly executed commands which deleted data of a Slice for which Frasher was given access to for the purpose of maintaining records of Slice as part of his employment.

43.     Up until Frasher left Slice, only 3 persons had access to the computer program of which Frasher is one.  Dawn Cederlund, the current CFO of Slice is another person who has access and who asserts she has not deleted the data.  Russell A. Yeager is the CEO of Slice who also has access and who asserts he has not deleted the data.  No other Slice employees were authorized access to the system.

44.     18 U.S.C. 1030(g) creates a private cause of action for compensatory damages and injunctive relief for the benefit of victims of any 18 U.S.C. §1030 violation.

45.     The acts of Frasher were for the intent of harming Slice, was done without authorization and caused damage to Slice by the loss of vital information related to its business operation.

46.     Slice is entitled to (a) compensatory damages in an amount to be proved at trial and (b) an injunction restraining Defendants from such acts in the future.

**THIRD CAUSE OF ACTION**
Violation of California Uniform Trade Secret Act, Cal. Civ. Code § 3426et seq.
(Against All Defendants)

47.     Slice incorporates all of the above paragraphs as though fully set forth herein.

48.     Supplementing 18 U.S.C. §§ 1836-39 et seq., and 18 U.S.C. 1030 et seq., the acts herein also violate California's Uniform Trade Secret Act.

49.     Slice's confidential, proprietary, and trade secret information related to its brewery constitute trade secrets as defined by California's Uniform Trade Secrets Act.

50.     Slice owns and possesses certain confidential, proprietary, and trade secret information, as alleged above.  Said trade secret information has actual or potential independent economic value from not being generally known to the public or other persons who could obtain economic value from their disclosure or use.

51.     Defendants knew or should have known under the circumstances that the information misappropriated by Defendants were trade secrets.

52.     Defendants misappropriated and threaten to further misappropriate trade secrets at least by acquiring trade secrets with knowledge of or reason to know that the trade secrets were acquired by improper means, and Defendants are using and threatening to use the trade secrets acquired by improper means without Slice's knowledge or consent.

53.     As a direct and proximate result of Defendants' conduct, Slice is threatened with injury and has been injured in an amount in excess of the jurisdictional minimum of this Court and that will be proven at trial.  Slice has also incurred, and will continue to incur, additional damages, costs and expenses, including attorney's fees, as a result of Defendants' misappropriation. As a further proximate result of the misappropriation and use of Slice's trade secrets, Defendants were unjustly enriched.

54.     The aforementioned acts of Defendants were willful, malicious and fraudulent.

55.     Slice is therefore entitled to exemplary damages under California Civil Code § 3426.3(c).

56.     Defendants' conduct constitutes transgressions of a continuing nature for which Slice has no adequate remedy at law.  Unless and until enjoined and restrained by order of this Court, Defendants will continue to retain and use Slice's trade secret information to enrich themselves and divert business from Slice. Pursuant to California Civil Code § 3426.2, Slice is entitled to an injunction against the misappropriation and continued threatened misappropriation of trade secrets as alleged herein and further asks the Court to restrain Defendants from using all trade secret information misappropriated from Waymo and to return all trade secret information to Slice.

57.     Pursuant to California Civil Code § 3426.4 and related law, Slice is entitled to an award of attorneys' fees for Defendants' misappropriation of trade secrets.

**FOURTH CAUSE OF ACTION**
Breach of Fiduciary Duty
(Against all Defendants)

58.     Slice incorporates all of the above paragraphs as though fully set forth herein.

59.    Ancillary to 18 U.S.C. §§ 1836-39 et seq., and 18 U.S.C. 1030 et seq., the acts herein also violate the fiduciary duties owed to Slice by Defendants.

60.    As a Director of Slice, Frasher stands in a fiduciary relationship to Plaintiff and the other stockholders of the Company and owe them the highest fiduciary obligations of loyalty and care.

61.    The misappropriation of trade secrets and the failure to protect and secure the trade secrets of Slice breaches Frasher fiduciary duties to Slice and its shareholders. Plaintiff will suffer irreparable injury in that they will not be able to produce products utilizing their trade secrets.

62.    Frasher further breached his fiduciary duty in that he actively prevented Slice from participating in the Brewers Association of Boulder, CO Craft Brewers Conference and BrewExpo World Cup competition by informing the Brewers Association that they would not be competing.

    a.  Slice had already registered for the event and paid all of the necessary fees in November 2022;

    b.  Frasher sent an email to the Brewers Association cancelling Slice's participation without authorization or approval (see attached Exhibit "E");

    c.  Slice was refunded the registration fees;

    d.  Slice attempted to counter this damage by requesting a late re-registration but was denied by the Brewers Association as untimely.

63.    The acts of sabotage by Frasher with the Brewers Association event have caused damage to social presence in the event showing Slice in a false light to the industry and further kept Slice from attempting to win awards that it has won in other events bolstering their social presence.

64.    Slice has regularly attended similar events in an attempt to win awards for their beers and bolster their social presence, since Frasher's employment with Slice, Slice has attended all of the following:

    a.  February 2020 – Hayward, CA – The Bistro's Annual Double IPA Festival – People's Choice – Doobie Snacks & Wombo;

    b.  February 2020 – Miami, FL – Wakefest Invitational Beer Festival – Poured at the event;

c. October 2020 – San Diego, CA – San Diego International Beer Competition – Gold Medal – Wombo;

d. October 2020 – Denver, CO – Great American Beer Festival – Bronze Medal – Tight Quarters;

e. December 2020 – Oxford, OH – U.S. Beer Open Championship – Gold Medal – Operation Dynamite!;

f. December 2020 – Charleston, SC – World Lupulin Challenge – 4 Gold Medals – Tight Quarters, Farmed Fresh, Hidden Level, Lupulin Vision;

g. January, 2021 – ratebeer.com – California's Best New Brewer 2020;

h. January, 2021 – ratebeer.com – Top 3 Best Brewery in the World By Style IPA/NEIPA/Hazy;

i. April, 2021 – Hayward, CA – The Bistro 23rd Invitational IPA Competition – Silver Medal – Green Nugget;

j. September, 2021 – Oxford, OH – U.S. beer Open Championship – Bronze Medal – Glazed and Infused;

k. October 2021 – San Diego, CA – San Diego International Beer Competition – Gold Medal – HI Vibes;

l. March 2022 – Bend, OR – Best of Craft Beer Awards – Silver Medal – Vaxx to the Future;

m. April, 2021 – Hayward, CA – The Bistro 24th IPA Competition – Silver Medal – Gruesome Greens;

n. May, 2022 – Minneapolis, MN – World Beer Cup – Gold Medal – Orange Glow;

o. July, 2022 – Oxford, OH – U.S. Beer Open Championship – Silver, Bronze, Bronze – Hella Crispy, Holy Trifecta, Megahop 3000;

p. October, 2022 – Denver, CO – Great American Beer Festival – Gold Medal – Neon Lites.

65.    40 cans of beer that were slated to be entered in the Brewers Association event were told by Frasher were shipped to the Brewers Association by him before he left his employment at

10

Slice.  However, such statement was false, intended to deceive and was completely inconsistent with the email he sent cancelling the event (see, Exhibit E) and were never received by the Brewers Association event nor does Slice have any shipping proof they were actually shipped by Frasher.  On information and belief, the beers were never shipped by Frasher and Frasher stole the product from Slice, further preventing any chance of participating in the event.

66.     Unless enjoined by this Court, Frasher will continue to breach his fiduciary duties owed to Plaintiff. Plaintiff has no other adequate remedy at law.

67.     Slice has been damaged by all of the foregoing and is entitled to an award of exemplary damages and attorney's fees in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
Constructive Fraud
(Against all Defendants)

68.     Slice incorporates all of the above paragraphs as though fully set forth herein.

69.     Ancillary to 18 U.S.C. §§ 1836-39 et seq., and 18 U.S.C. 1030 et seq., the acts herein also violate the fiduciary duties owed to Slice by Defendants.

70.     As stated above, Frasher owed Slice fiduciary duties.

71.     Specifically, Frasher was a Director of Slice which placed him in a confidential relationship which existed at all relevant times herein between Slice and Frasher.

72.     In that regard, Slice placed confidence in the fidelity and integrity of Frasher in entrusting him with the responsibility to preserve, protect and properly account for the trade secrets of Slice.

73.     Despite Frasher having voluntarily accepted the trust and confidence reposed in him with regard to Slice's trade secrets, and in violation of this relationship in such trust and confidence, Slice is informed and believe, and on that basis allege, that Frasher abused the trust and confidence of Plaintiffs by, among other things: (a) failing to maintain and protect trade secrets; (b) misappropriating trade secrets; (c) sabotaging the business of Slice by "losing" the recipes and deleting information from the EKOS system.

74.     Slice is informed and believes, and on that basis allege, that Frasher's wrongful acts described above were undertaken with the intent to deceive and defraud Slice. Slice reasonably

relied on Frasher in view of their special relationship.

75.     Slice was ignorant of the information concealed, taken or "lost" by Frasher. If Slice had been aware, Slice would not have allowed Frasher to continue to have access to the trade secrets of Slice.

76.     As a direct and proximate result of Frasher's fraud and deceit, Slice has suffered damages, including lost profits, attorneys' fees, costs, and expenses. The amount of these damages has not been precisely determined and the damages are continuing to accrue. Plaintiffs will seek leave to amend this Complaint when the precise amount of these damages is ascertained.

77.     Frasher's acts alleged above included deceit and/or fraudulent concealment of material facts known to Frasher with the intent on the part of Frasher of depriving Slice of their property or legal rights or otherwise causing injury, and were despicable, malicious, oppressive and/or fraudulent conduct that subjected Slice to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
Aiding and Abetting
(Against All Defendants)

78.     Slice incorporates all of the above paragraphs as though fully set forth herein.

79.     The acts of aiding and abetting are ancillary to 18 U.S.C. §§ 1836-39 et seq., and 18 U.S.C. 1030 et seq.,

80.     As alleged in more detail above, Heller and Shred are well aware that Frasher misappropriated trade secrets of Slice and therefore aided and abetted Frasher in his trade secret misappropriation and breaches of fiduciary duties.

81.     Slice contends that the aiders and abettors owe a fiduciary duty to Slice as they provided substantial assistance to Frasher breaching his fiduciary duty.

82.     Further, aiders and abettors committed an independent tort by making "a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act."

83.     Slice contends that all Defendants had actual knowledge of the fiduciary duties owed by

Frasher to Slice, and all defendants provided Frasher with substantial assistance in breaching his duties; and all defendants' conduct resulted in unjust enrichment.

84.     As a result, Plaintiff is being harmed in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
Unjust Enrichment
(Against All Defendants)

85.     Slice incorporates all of the above paragraphs as though fully set forth herein.

86.     Ancillary to 18 U.S.C. §§ 1836-39 et seq., and 18 U.S.C. 1030 et seq., the acts herein exist but for their violations of 18 U.S.C. §§ 1836-39 et seq., and 18 U.S.C. 1030 et seq.

87.     Defendants were unjustly enriched by their misappropriation of Slice's trade secrets which cause Defendants to receive a benefit that they otherwise would not have achieved.

88.     Moreover, Plaintiffs arc informed and believe, and on that basis allege, that Frasher used his position as a Director and Head Brewmaster of Slice to obtain a secret profit, diminish the competition of Slice and misappropriate Slice's trade secrets.

89.     As a result of Defendants wrongful conduct, Defendants have been unjustly enriched at the expense of Plaintiffs and have unjustly retained the benefits of their wrongful conduct.

90.     As a direct and proximate result of Defendants' actions, Plaintiffs have suffered, damages, including lost profits, attorneys' fees, costs, and expenses.

91.     Plaintiffs are entitled to a constructive trust and restitution of the amounts wrongfully taken and retained by Defendants at Plaintiffs' expense.

**EIGHTH CAUSE OF ACTION**
Violation of California Bus. & Prof. Code § 17200
(Against All Defendants)

92.     Slice incorporates all of the above paragraphs as though fully set forth herein.

93.     Ancillary to 18 U.S.C. §§ 1836-39 et seq., and 18 U.S.C. 1030 et seq., the acts herein also violate California Bus. & Prof. Code § 17200.

94.     Defendants engaged in unlawful, unfair, and fraudulent business acts and practices.

95.     Such acts and practices include, but are not limited to, misappropriating Slice's confidential and proprietary information.

96.     Defendants' business acts and practices were unlawful as described above.

97.     Defendants' business acts and practices were fraudulent in that a reasonable person would likely be deceived by their material misrepresentations and omissions. Defendants have acquired and used Slice's confidential and proprietary trade secret information through material misrepresentations and omissions.

98.     Defendants' business acts and practices were unfair in that the substantial harm suffered by Slice outweighs any justification that Defendants may have for engaging in those acts and practices.

99.     Slice has been harmed as a result of Defendants' unlawful, unfair, and fraudulent business acts and practices. Slice is entitled to (a) recover restitution, including without limitation, all benefits that Defendants received as a result of their unlawful, unfair, and fraudulent business acts and practices and (b) an injunction restraining Defendants from engaging in further acts of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.  AS TO THE FIRST CAUSE OF ACTION FOR VIOLATION OF DEFEND TRADE SECRET ACT

    a) Injunctive relief;

    b) For damages in an amount to be proved at trial;

    c) Exemplary damages in an amount to be proved at trial; and

    d) For costs of suit incurred herein.

2.  AS TO THE SECOND CAUSE OF ACTION FOR VIOLATION OF 18 U.S.C. 1030

    a) Actual damages, including lost profits, in an amount to be proven at trial;

    b) Punitive damages;

    c) Reasonable Attorney's Fees; and

    d) For costs of suit incurred herein.

3.  AS TO THE THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA

UNIFORM TRADE SECRET ACT

    a) Injunctive relief;

    b) For damages in an amount to be proved at trial;

    c) Exemplary damages in an amount to be proved at trial;

    d) Reasonable Attorney's Fees; and

    e) For costs of suit incurred herein.

4. AS TO THE FOURTH CAUSE OF ACTION FOR VIOLATION OF BREACH OF FIDUCIARY DUTY

    a) Injunctive relief;

    b) For damages in an amount to be proved at trial;

    c) Punitive damages;

    d) Reasonable Attorney's Fees; and

    e) For costs of suit incurred herein.

5. AS TO THE FIFTH CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD

    a) Injunctive relief;

    b) For damages in an amount to be proved at trial;

    c) Punitive damages;

    d) Reasonable Attorney's Fees; and

    e) For costs of suit incurred herein.

6. AS TO THE SIXTH CAUSE OF ACTION FOR AIDING AND ABETTING

    a) For damages in an amount to be proved at trial;

    b) Punitive damages;

    c) Reasonable Attorney's Fees; and

    d) For costs of suit incurred herein.

7. AS TO THE SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

    a) Actual damages, including lost profits, in an amount to be proven at trial;

    b) A constructive trust and restitution of the amounts wrongfully taken and retained by Defendants at Plaintiffs' expense.

   c) For restitution of the money wrongfully retained by Defendants as wrongful acts in an amount proven at trial;

   d) For interest on the damages according to proof at the legal rate;

   e) Punitive damages;

   f) Reasonable Attorney's Fees; and

   g) For costs of suit incurred herein.

8. AS TO THE EIGHTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200

   a) Actual damages, including lost profits, in an amount to be proven at trial;

   b) A constructive trust and restitution of the amounts wrongfully taken and retained by Defendants at Plaintiffs' expense.

   c) Punitive damages;

   d) Reasonable Attorney's Fees; and

   e) For costs of suit incurred herein.

## **DEMAND FOR JURY TRIAL**

100. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Slice respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

## **CERTIFICATION AND CLOSING UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

   Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

1    Dated: May 1, 2023                        **BOTTOMLINE LAWYERS, PC**

2

3                                       /s/ Richard A. Hall

                                        Richard A. Hall, Attorney for

4                                         Slice Beer Company, Inc.

1

2

## **<u>VERIFICATION</u>**

3

4

5

     I, Dawn Cederlund, as the Chief Financial Officer of Slice Beer Company, Inc. verify that the facts contained within this Verified Complaint are true and accurate, except those facts asserted on information and belief, and as to those facts, I believe them to be true.

6

7

8

     I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this verification was executed on this 1st day of May, 2023 August, 2023, at Auburn, California.

9

10

               _____*/s/ Dawn Cederlund*_____
               Dawn Cederlund, Chief Financial Officer

11

               Slice Beer Company, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Exhibits

2

| Exhibit | Description |
|---------|-------------|
| A | California Secretary of State – Statement of Information – Shred Beer Co. |
| B | Offer of Employment |
| C | Slice meeting minutes appointing Frasher as a Director |
| D | California Secretary of State – Statement of Information – Slice. |
| E | Email from Frasher cancelling Brewers Association event |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



BA20230134207

B1439-1614 01/24/2023 6:31 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION
LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File No.: BA20230134207 |
| Date Filed: 1/24/2023 |

**Entity Details**

| | |
|---|---|
| Limited Liability Company Name | Shred Beer Company LLC |
| Entity No. | 202253118111 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of LLC**

| | |
|---|---|
| Principal Address | 4480 YANKEE HILL RD ROCKLIN, CA 95677 |

**Mailing Address of LLC**

| | |
|---|---|
| Mailing Address | 4480 YANKEE HILL RD ROCKLIN, CA 95677 |
| Attention | |

**Street Address of California Office of LLC**

| | |
|---|---|
| Street Address of California Office | None |

**Manager(s) or Member(s)**

| Manager or Member Name | Manager or Member Address |
|---|---|
| Zack M Frasher | 4480 YANKEE HILL RD ROCKLIN, CA 95677 |
| Amy B Heller | 4480 YANKEE HILL RD ROCKLIN, CA 95677 |

**Agent for Service of Process**

| | |
|---|---|
| Agent Name | ZACK M FRASHER |
| Agent Address | 4480 YANKEE HILL RD ROCKLIN, CA 95677 |

**Type of Business**

| | |
|---|---|
| Type of Business | Brewery |

**Email Notifications**

| | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Chief Executive Officer (CEO)**

| CEO Name | CEO Address |
|---|---|
| None Entered | |

**Labor Judgment**

No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code.

Page 1 of 2

**Electronic Signature**

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Zack Frasher*

Signature

*01/24/2023*

Date

# EXHIBIT B

**Letter of Hire**

06/17/2019

**Slice Beer Company**

Zack,

Slice Beer Co. is a legal company (S-Corp) residing inside the Santini building which Old Town Lincoln Properties, LLC owns. First priority for the beer is the tasting room followed by three Old Town Pizza locations followed by industry friends.

Once the Santini Building is remodeled, Old Town Pizza Lincoln will move from its current space into the building. The three Old Town Pizza locations will continue to be owned by BBC Family Eateries, Inc.  Old Town Pizza Lincoln and Slice Beer Company will lease the space from Old Town Lincoln Properties, LLC.

We would like to hire you as Head Brewer for Slice Beer Company. The position includes an annual salary of $95K, benefits, and a 25% ownership stake earned at 5% per year – the schedule is laid out below. Ownership is contingent on you remaining in your role as Head Brewer. Slice Beer Co. will start paying you hourly, starting June 17th, congruent with your salary stated above until you are needed on a full-time basis. Once you decide it's time to be full-time, your full salary will start.

The ownership of Slice Beer Company is as follows:

**Slice Beer Company, Inc.**

- **Reese Browning, Board Member and Investor**
- **Russ Yeager, CEO and Board Member**
- **Zack Frasher, Head Brewer and Board Member**
- **Mason Browning, Board Member and Investor**
- **Dawn Cederlund, Board Member and Investor**
- **Dan Browning, Investor**
- **Kelly Bewley, Investor**
- **Laura Styler, Investor**
- **Penny Calverley, Investor**

**Zack Frasher Ownership Schedule**

- **5% June 17th 2019**
- **5% July 1st 2020**
- **5% July 1st 2021**
- **5% July 1st 2022**
- **5% July 1st 2023**

By signing you are agreeing to our offer of Head Brewer at Slice Beer Company and starting on June 17th, 2019.

_(signature)_                                                    6/19/19

**Reese Browning**                                               Date

Majority Shareholder – Slice Beer Company, Inc.


_(signature)_                                                    C/17/19

**Russ Yeager**                                                  Date

CEO – Slice Beer Company, Inc.


_(signature)_                                                    6/17/19

**Zack Frasher**                                                 Date

Head Brewer – Slice Beer Company, Inc.

# EXHIBIT C

Slice Beer Company, Inc.

**Board of Directors Meeting – 8/5/19**

**Meeting Minutes:**

Attendees:  Russell Yeager, Reese Browning, Mason Browning, Dawn Cederlund

Location – Lincoln Chamber of Commerce Office, Lincoln, CA

Meeting was called to order by Russell Yeager.

As a result of the resignation of Kelly Bewley from the Board of Directors, there is an opening for a new director.  Reese Browning made a motion to nominate Zachary Frasher as a new board member to fill the open spot until the next shareholder meeting.  Dawn Cederlund seconded the motion.

A vote was called and all present voted unanimously to appoint Zachary Frasher to the Board.

Meeting was adjourned by Russell Yeager.

# EXHIBIT D




**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION
CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File No.: BA20230258110 |
| Date Filed: 2/13/2023 |

**Entity Details**

| | |
|---|---|
| Corporation Name | SLICE BEER COMPANY, INC |
| Entity No. | 4239375 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
|---|---|
| Principal Address | 120 N MCDANIEL DR<br>AUBURN, CA 95603 |

**Mailing Address of Corporation**

| | |
|---|---|
| Mailing Address | 120 N MCDANIEL DR<br>AUBURN, CA 95603 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
|---|---|
| Street Address of California Office | 120 N MCDANIEL DR<br>AUBURN, CA 95603 |

**Officers**

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| ■ RUSSELL A YEAGER | 514 GROVE STREET<br>ROSEVILLE, CA 95678 | Chief Executive Officer |
| Dawn G Cederlund | 120 N McDaniel Dr<br>Auburn, CA 95603 | Secretary, Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

**Directors**

| Director Name | Director Address |
|---|---|
| Reese C Browning | 120 N McDaniel Dr<br>Auburn, CA 95603 |
| Russell A Yeager | 514 Grove Street<br>Roseville, CA 95678 |
| Dawn G Cederlund | 120 N McDaniel Dr<br>Auburn, CA 95603 |
| Mason R Browning | 1418 Kennedy Dr<br>Roseville, CA 95678 |
| Zachary M Frasher | 250 Swenson Court<br>Auburn, CA 95603 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
|---|---|
| Agent Name | REESE C BROWNING |

B1501-3387 02/13/2023 7:55 PM Received by California Secretary of State

| Agent Address | 120 N MCDANIEL DR<br>AUBURN, CA 95603 |
|---|---|

**Type of Business**

| Type of Business | BREWERY & TAP ROOM |
|---|---|

**Email Notifications**

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |
|---|---|

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒   By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Dawn Cederlund*

Signature

*02/13/2023*

Date

B1501-3388 02/13/2023 7:55 PM Received by California Secretary of State

# EXHIBIT E

-------- Original Message --------

**Subject:** RE: World Beer Cup - Refund Notification
  **Date:** 2023-02-07 10:20
  **From:** Joe Damgaard <Joe@brewersassociation.org>
    **To:** Zack Frasher <zack@slicebeer.com>, Info <info@brewersassociation.org>

Hi Zack,

Sorry to hear that you will not be able to participate. I'll cancel that last entry and process a refund now.

**JOE DAMGAARD**
**Event Manager**
Brewers Association

1

1327 Spruce Street | Boulder, CO 80302
(O) 720.473.7692



**Giddy Up!** *Early Bird Pricing* Available through March 1, 2023

Register at CraftBrewersConference.com

---

**From:** Zack Frasher <zack@slicebeer.com>
**Sent:** Tuesday, February 7, 2023 11:19 AM
**To:** Info <info@brewersassociation.org>
**Cc:** Joe Damgaard <Joe@brewersassociation.org>
**Subject:** Re: World Beer Cup - Refund Notification


Hello,


Can we refund our remaining last entry as well? Unfortunately we won't be able to participate this year.


Thanks,

**Zack Frasher**

**Head Brewer / Co-Owner**


**Slice Beer Company**

**665 6th St.**

**Lincoln, CA 95648**

On Feb 7, 2023, at 9:57 AM, Brewers Association <info@brewersassociation.org> wrote:



**Slice Beer Company,**

**Your refund for World Beer Cup 2023 has been processed.**

| | |
|---|---|
| Date: | 2/7/2023 5:57:47 PM |
| Amount: | $900.00 |
| Original Transaction ID: | BN0P4DF080F1 |
| Refund Transaction ID: | BA0P6D5979C7 |

1327 Spruce St, Boulder, Colorado 80302

303-447-0816 / Toll-Free: 1-888-822-6273

Questions?  info@brewersassociation.org

American Homebrewers Association  |  Brewers Association

Virus-free.www.avg.com

3