UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLICE BEER COMPANY, INC.,<br>            Plaintiff/<br>       Counterclaim Defendant,<br><br>    v.<br><br>ZACHARY M. FRASHER, et al.,<br>            Defendants/<br>       Counterclaimants.<br><br>    v.<br><br>RUSSELL YEAGER,<br><br>            Third Party Defendant. | No.  2:23–cv–832–KJN<br><br>ORDER TO SHOW CAUSE;<br>ORDER RESETTING SCHEDULING<br>CONFERENCE |

On October 10, 2023, this case was before the undersigned for a pretrial scheduling conference.[1] Although plaintiffs participated in the drafting and filing of a joint status report for the status conference, plaintiffs failed to appear at the hearing.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

---

[1] This case proceeds before the undersigned on the consent of all parties under 28 U.S.C. § 636(c).

1

court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This court's Local Rules are in accord. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Therefore, IT IS HEREBY ORDERED that:

1. The scheduling conference (see ECF No. 20) is RESET for October 17, 2023, at 9:00 a.m. The parties shall appear by remote means, and will receive login information from the courtroom deputy on how to appear; and
2. At this hearing, plaintiffs shall be prepared to show cause why sanctions should not be imposed for their counsel's failure to appear at the status (pre-trial scheduling) conference.

Dated: October 10, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

slic.832